CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 24 2011

JULIA C. DUDLEY, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN P. LESCHINSKEY, | Civil Action No. 7:11-cv-00189 |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| v. | |
| THE RECTORS AND VISITORS OF RADFORD UNIVERSITY | |
| | By: Samuel G. Wilson |
| Defendant. | United States District Judge |

This is an action by plaintiff, John Leschinskey, alleging that that defendant, the Rectors and Visitors of Radford University (Radford) failed to reasonably accommodate his disability in violation of § 504 of the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. § 791 et seq. Radford has moved to dismiss for failure to state a claim. The court finds Leschinskey's pleadings allege with sufficient and particular detail that Radford violated his rights under the Rehabilitation Act and denies the defendant's motion to dismiss for failure to state a claim.

I.

In the light most favorable to Leschinskey, the facts are as follows. Leschinskey began work as an information technology specialist at Radford in January of 2005. In the spring of 2008, Leschinskey was diagnosed with and began medical treatment for sleep insomnia and sleep apnea. He notified his supervisor of his sleep insomnia and consulted with the human resources department at Radford around that same time.[1] Leschinskey's medical conditions impaired his ability to perform major life activities, including staying awake without high-level stimulus. In the summer of 2008, he received a written warning for falling asleep on the job.

---

[1] Leschinskey's supervisor was also made aware of Leschinskey's sleep apnea by summer of 2008.

Leschinskey explained to his supervisors that he was seeking a treatment for his condition. In the summer of 2009, Radford suspended Leschinskey for two days without pay for sleeping on the job. On October 25, 2010, Leschinskey's supervisor gave him forty-eight hours to demonstrate why Radford should not terminate his employment. Leschinskey completed Americans with Disabilities Act (ADA) forms and requested in writing that Radford move back his daily starting time, allow him to use a doze alert[2] at work, or both. On October 29, 2010, Radford terminated his employment. Radford denied his request for an accommodation approximately one week later.

## II.

Leschinskey alleges that Radford violated the Rehabilitation Act by denying him reasonable accommodations for his disability and terminating his employment solely because of his disability. The defendant has moved to dismiss for failure to state a claim. The court finds Leschinskey's complaint states a plausible claim, and denies Radford's motion to dismiss.

To state a claim for relief, the pleadings must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (citation omitted). While the court must accept the claimant's factual allegations as true, Hemi Grp., LLC v. City of N.Y., 130 S. Ct. 983, 986–87 (2010), this tenet is "inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

The Rehabilitation Act prohibits discrimination against an otherwise qualified individual with a disability. To establish a prima facie case, a plaintiff must show: "(1) that he has a

---

[2] It is unclear from the pleadings what a "doze alert" is.

2

disability; (2) that he is otherwise qualified for the employment . . . in question; and (3) that he was excluded from the employment . . . due to discrimination solely on the basis of his disability." Doe v. Univ. of Md. Med. Sys. Corp., 50 F.3d 1261, 1264–65 (4th Cir. 1995).

Radford concedes that Leschinskey's condition qualifies as a disability under the ADA.

### A.

Radford argues that Leschinskey was not "otherwise qualified" to perform his job. Leschinskey insists this is a question of fact that cannot properly be resolved on Radford's Rule 12(b)(6) motion. The court agrees that whether, with a later start time, Leschinskey could perform the essential functions of his job and thereby be otherwise qualified cannot be resolved on Radford's 12(b)(6) motion.

Under the ADA,[3] "an individual is 'otherwise qualified' if he, 'with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.'" Halperin v. Abacus Tech. Corp., 128 F.3d 191, 196 (4th Cir. 1997) (quoting 42 U.S.C. § 12111(8) (2006)), overruled on other grounds by Baird v. Rose, 192 F.3d 462 (4th Cir. 1999). Leschinskey alleges that his requested accommodation would have allowed him to perform those functions. Under certain circumstances, a later start time may constitute a reasonable accommodation, 42 U.S.C. § 12111(9) ("The term reasonable accommodation may include . . . part-time or modified work schedules."), and Leschinskey has plausibly alleged that he can perform the essential functions of his job with a later start time. The court must accept Leschinskey's factual allegations as true at this juncture. Consequently, Leschinskey has plausibly alleged he is otherwise qualified for the job. Accordingly, the court

---

[3] The Rehabilitation Act leverages the ADA for its standards. 29 U.S.C. § 794(d) (2006) ("The standards used to determine whether this section has been violated in a complaint alleging nonaffirmative action employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990 (42 U.S.C. 12111 et seq.) and the provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C. 12201-12204 and 12210), as such sections relate to employment.").

denies Radford's motion to dismiss on the ground that Leschinskey has failed to adequately plead that he is "otherwise qualified" for the position.[4]

### B.

Radford has also moved to dismiss because Leschinskey waited until the "11th hour" to request an accommodation that would require Radford to retroactively excuse misconduct, arguing such a request is inherently unreasonable. Though Radford is not required to excuse misconduct retroactively, Leschinskey's complaint marginally alleges that Radford did not terminate him based on past conduct, but rather rejected his request for a reasonable accommodation prospectively. Consequently, the court denies Radford's motion to dismiss on the ground that it discharged Leschinskey for past misconduct.

A request for a reasonable accommodation is forward-looking. It is prospective. An employee is not entitled to a retroactive accommodation. The Rehabilitation Act does not require employers to excuse misconduct. EEOC Enforcement Guidance on the ADA and Psychiatric Disabilities, No. 915.002 at 31 (Mar. 25, 1997). The burden is on the employee to both identify the need for and suggest an appropriate accommodation. Taylor v. Principal Fin. Grp. Inc., 93 F.3d 155, 164–65 (5th Cir. 1996). Misconduct, even if related to a disability, is not itself a disability, Martinson v. Kinney Shoe Corp., 104 F.3d 683, 686 n.3 (4th Cir. 1997), and it is not discrimination to hold an employee responsible for that misconduct, see, e.g., Little v. FBI, 1 F.3d 255, 259 (4th Cir. 1993) (finding no discrimination under § 504 for firing alcoholic employee for disability-related intoxication on duty).

---

[4] Leschinskey also claims that he can perform the essential functions of his job by using a "doze alert." If Leschinskey would remain so sleepy at work that despite the adjustment of his start time that it would still take a "doze alert" to keep him awake, the court would likely agree that he would be unqualified.

4

A reasonable accommodation is one that allows an employee to perform the essential functions of the job. Myers v. House, 50 F.3d 278, 283 (4th Cir. 1995) ("Reasonable accommodation is by its terms most logically construed as that which presently, or in the immediate future, enables the employee to perform the essential functions of the job in question."). The reasonableness of a proposed accommodation is ordinarily a question of fact. Pandazides v. Va. Bd. of Educ., 13 F.3d 823, 833 (4th Cir. 1994) (relying on Pandazides v. Va. Bd. of Educ., 946 F.2d 345 (4th Cir. 1991)).

Because facts pleaded in Leschinskey's complaint marginally support his claim that Radford did not terminate him for past misconduct but rather because it saw no reason to accommodate him prospectively, the court denies Radford's motion to dismiss.

### III.

The court must accept Leschinskey's pleadings as true at this stage, and he has stated a prima facie case of discrimination under Rehabilitation Act. For the reasons stated above, the court denies the Radford's motion to dismiss for failure to state a claim.

**Enter**: October 24, 2011.

_____
UNITED STATES DISTRICT JUDGE